## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LULA GILLESPIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ARMINUS TOLLIVER AND UNITED | ) |
| ROAD SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COME NOW Plaintiff, LULA GILLESPIE, (hereinafter "Plaintiff"), by and through her undersigned counsel, and hereby brings this renewed Complaint for Damages against Arminus Tolliver and United Road Services, Inc., respectfully showing this Honorable Court as follows:

This lawsuit is a renewal lawsuit. On or about May 12, 2021, Plaintiff voluntarily dismissed this lawsuit. This renewal action is timely filed. Defendant acknowledged service in the original action. There are no outstanding costs associated with the original action. All conditions precedent to re-filing this lawsuit have been met.

1

## <u>JURISDICTION AND VENUE</u>

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and there is complete diversity of citizenship between Plaintiff and each Defendant.

2.

Plaintiff Lula Gillespie is currently a Georgia resident and submits herself to the jurisdiction and venue of this Court.

3.

Defendant Arminius Tolliver (hereinafter "Defendant Tolliver") is a resident of the State of Texas, and consents to service through his counsel of record at Hall Booth Smith located at 191 Peachtree Street, Suite 2900, Atlanta GA 30303 and has agreed to allow his counsel to acknowledge service on his behalf.

4.

Defendant United Road Services, Inc. ("Defendant United") is a foreign for-profit corporation and maintains no principal place of business in the state of Georgia. Defendant United does not appear to be registered to do business in the state of Georgia, nor does it appear that Defendant United properly designated and maintained an agent for service of process as required by Georgia law.

5.

Despite United's failure to comply with Georgia law, Defendant consents to service through his counsel of record at Hall Booth Smith located at 191 Peachtree Street, Suite 2900, Atlanta GA 30303 and has agreed to allow its counsel to acknowledge service on its behalf.

6.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and/or omissions giving rise to the claim occurred in this judicial district.

7.

Jurisdiction and venue is proper as to both defendants.

## FACTUAL BACKGROUD

8.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

9.

On or about June 13, 2018, Plaintiff Gillespie was travelling on I-285 Eastbound. She was travelling in the second lane from the right.

10.

At the same time, Defendant Tolliver was also travelling on I-285 Eastbound in the third lane from the right.

11.

Suddenly and without warning, Defendant Tolliver attempted to negotiate a lane change to the right, crashing into Ms. Gillespie's vehicle.  Mr. Tolliver admitted on the scene of the accident that he did not see Ms. Gillespie because she was in his blind spot.

12.

As a direct and proximate result of Defendant Tolliver's negligent and wrongful conduct as set forth herein, Plaintiff Gillespie suffered severe and significant bodily injuries; physical and mental pain and suffering; and has incurred medical expenses, all of which are ongoing.

**COUNT I-NEGLIGENCE OF DEFENDANT TOLLIVER**

13.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

14.

Defendant Tolliver breached the duty he owed to exercise ordinary care in operating the 2001 Peterbilt Tractor Trailer and was negligent.

4

15.

Defendant Tolliver's negligence included, but is not limited to, one or more of the following:

(a) Defendant improperly changed lanes in violation of O.C.G.A. §40-6-123A;

(b) Defendant failed to safely maneuver his vehicle;

(c) Defendant failed to stop, steer away from or take other evasive action to avoid causing the collision made the basis of this claim; and

(d) Defendant drove his vehicle in a reckless disregard for the safety of other drivers on the roadway, in violation of O.C.G.A. §40-6-390.

16.

Defendant's actions constitute a direct violation of the laws of the State of Georgia which constitute *negligence per se.*

17.

As a direct and proximate result of the negligence of Defendant Tolliver as set forth herein, Plaintiff Gillespie sustained injuries and damages, including but not limited to severe, painful and permanent, physical, mental and emotional injuries, all of which were and are accompanied by severe pain, from which she has suffered, does now suffer, and will suffer in the future.

## COUNT II-NEGLIGENCE OF DEFENDANT UNITED

18.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

19.

At all times, Defendant Tolliver was an agent and employee of United and was acting in the course and scope of his employment and agency with Defendant United.

20.

Defendant United is vicariously liable for the negligent acts and omissions of its employee and/or agent, Defendant Tolliver.

21.

On information and belief, Defendant United negligently hired and/or retained Defendant Tolliver in that Defendant United knew or should have known that Defendant Tolliver was not competent to operate the 2001 Peterbilt Tractor Trailer at issue and because Defendant United knew or should have known of such incompetency.

22.

Defendant United had a duty to exercise ordinary care in entrusting its vehicles to drivers and not to entrust the vehicle to someone incompetent or unfit to drive the vehicle safely.

23.

Defendant United was *negligent per se.*

24.

As a direct and proximate result of the negligence of Defendant United as set forth herein, Plaintiff Gillespie sustained injuries and damages, including but not limited to severe, painful and permanent, physical, mental and emotional injuries, all of which were and are accompanied by severe pain, from which she has suffered, does now suffer, and will suffer in the future.

## COUNT III-DAMAGES

25.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

26.

As a direct and proximate result of the Defendants, Plaintiff sustained serious and permanent physical injuries.

7

27.

As a direct and proximate result of the negligent acts of Defendants, Plaintiff has endured and will continue to endure physical and emotional pain and suffering in an amount to be determined by an enlightened conscience of the jury.

28.

As a direct and proximate result of the acts of Defendants, Plaintiff sustained a diminished earning capacity in amounts that will be proven at trial.

29.

As a direct and proximate result of the negligent acts of Defendants, Plaintiff has incurred medical expenses and will continue to incur them into the foreseeable future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment of and from Defendants and prays as follows:

(a) That process issue and that Defendants be served as allowed by law;

(b) That Plaintiff be awarded damages in such an amount as to be proven at trial for past, present, and future medical expenses, lost wages and earnings, pain and suffering, and all other damages permitted by law;

(c) That Plaintiff be granted a trial by a jury of twelve;

(d) That punitive damages be assessed against Defendant United in such sum as shall be determined by the jury based upon the evidence at the trial of this action to be sufficient to punish, penalize or deter them;

(e) That all costs be cast upon Defendant;

(f) That Plaintiff be granted her reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. §13-6-11;

(g) That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of July, 2021

**DERMER APPEL RUDER, LLC**

*/s/ Kim M. Ruder*
**KIM M. RUDER**
State Bar No.: 275326
**ADAM L. APPEL**
State Bar No: 020765
***Attorneys for Plaintiff Lula Gillespie***

Dermer Appel Ruder, LLC
6075 The Corners Parkway, Suite 210
Peachtree Corners, GA 30092
Tel. (404) 881-3557
Fax. (404) 892-8886
kruder@darlawllc.com
aappel@darlawllc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing *Complaint* complies with the font and point selections approved by the Court in Local Rule 5.1C. The Foregoing was preparted on computer using Times New Roman (14 point).

This 1st day of July 2021.

DERMER APPEL RUDER, LLC

*/s/ Kim M. Ruder*
**KIM M. RUDER**
State Bar No.: 275326
**ADAM L. APPEL**
State Bar No: 020765
***Attorneys for Plaintiff Lula Gillespie***

6075 The Corners Parkway, Suite 210
Peachtree Corners, GA 30092
Direct: 404-881-3557
Fax. (404) 892-8886
kruder@darlawllc.com
aappel@darlawllc.com